## SPEAR & als. *v.* RICHARDSON.

The opinions of witnesses cannot ordinarily be received as evidence, unless they relate to matters of skill and science.

What constitutes unsoundness in a horse, is a technical question; and so whether a horse has a particular disease; and a witness, not an expert, cannot testify that a horse was or was not sound, or that he had or had not the heaves.

Whether a horse appeared well and free from disease in a general sense, is matter of common experience; and a witness, not an expert, may testify to that extent.

ASSUMPSIT, on a warranty that a horse sold by the defendant to the plaintiffs was sound.

The plaintiffs contended that the horse for a year or more before the sale, had had, at times or constantly, a cough, which resulted either before or after the sale, in the disease known as the *heaves*, and that this affection was, at the time of the sale, such as to constitute unsoundness, as alleged in the declaration.

To show the horse to be thus unsound, the plaintiffs introduced the depositions of several witnesses, as to the condition of the horse after the sale, when he was kept by the plaintiffs, in Roxbury, Mass.

The following sentences were ruled by the court incompetent. The words italicised were not read.

" When I first saw him I observed his breathing (*and pronounced him at the time broken-winded.*) When he did breathe, he breathed very hard, and between the short ribs and the hip there was a kind of draw and ridge, (*such as you see in a broken-winded horse.*")

In another deposition, " When I first saw him I thought he was sick; (*I came to the store door and there examined him, and thought him ' heavy ;' I saw him blow at that time as a heavy horse would.*")

Again, " When I examined the horse (*he had, I should judge, what we call the heaves ; that is, he was touched in the wind.*")

Again, ("*I came to the conclusion, after looking at the horse, that he had the heaves.*")

The following question and answer were ruled out: "*Will you please state what you saw which indicated that the horse had the heaves?*" Answer, "*I judged from the usual appearance of the moving of the body between the ribs and the hip — running him round the yard, he showed distress in his breathing, and evidently had been wind-broken for some time.*"

To the ruling of the court, excluding the foregoing parts of depositions, the plaintiffs excepted.

To show the horse to have been sound at the time of the sale, the defendant called witnesses who had had more or less acquaintance with the horse, by owning, or driving, or casually seeing him. These witnesses, with their other testimony, were allowed to testify as follows :

*Amos C. Elliott.* — "I never saw any thing but wha the was perfectly sound. He appeared well and sound every way when I saw him as above."

*Calvin F. Cate.* — "I discovered nothing that indicated any unsoundness of any kind in either of them."

*L. W. Richardson.* — "I saw nothing but that they were perfectly sound."

*D. Richardson.* — "I never discovered any thing but that the horse was perfectly sound. I never discovered any thing in the breathing of either of them but that they breathed as natural as any sound horse."

*Edward C. Kenney.* — "I think I never saw any indication of the horse being diseased or unsound."

*Cyrus Willis.* — "I never noticed his breathing different from any well or sound horse."

Many other witnesses testified in a similar manner, the plaintiffs objecting to the competency of the evidence, but the court overruled the objections. The jury returned a verdict for the defendant, and for decision, the questions arising in the case were transferred to this court.

*Sawyer* and *Stevens*, for the plaintiffs.

*H. Bingham*, and *Ayer*, for the defendant.

EASTMAN, J.   The opinions of witnesses cannot ordinarily be received as evidence, unless they relate to matters of skill and science ; and then, not till after laying the proper foundation by showing the witnesses to be competent to give an opinion.   *Robertson* v. *Stark*, 15 N. H. 109 ; *Hoit* v. *Moulton*, 1 Foster 586 ; *Patterson* v. *Colebrook*, 9 Foster 94.

There is, however, oftentimes difficulty in applying the rule. The statement of a witness may be so far compounded of matter of fact and matter of opinion, as to make it not easy to draw the line and separate the one from the other.   And the present is a case of that kind, but it appears to us that all the rulings of the court cannot be sustained.

None of the witnesses whose testimony was ruled upon testified as experts.   There is nothing showing that they had any peculiar skill or science relative to the diseases of horses, and they testified as ordinary witnesses, from common observation.

There are various insidious diseases to which horses are subject, that nothing but skill and science can detect, and in regard to which none but those skilled in the science can legally give an opinion.   What constitutes unsoundness is a technical question ; and so whether a horse has a particular disease.   A witness, not an expert, cannot testify that a horse was or was not sound, or that he had or had not the heaves.   Nor can such a witness testify to the appearance of a horse by reference to the question of soundness or unsoundness.   He cannot say that the horse appeared sound or unsound, or that he saw nothing in the horse that appeared like unsoundness, or nothing but that he was sound.

But whether the horse appeared well and free from disease in a general sense, would be matter of common experience.   A witness, not an expert, might testify that he saw the horse, and that he appeared to be well and free from disease ; that he traveled well, ate well, breathed freely, and did not cough.   The weight and importance of such testimony would depend much on the apparent intelligence of the witness, his means of observation, and the pains he took to examine.   But it would be

unexceptionable, since it would be matter of description and not of opinion.

Upon these principles, the plaintiffs' evidence that was ruled out by the court, was incompetent and correctly excluded. The expression in the last answer, " running him round the yard he showed distress in his breathing," was matter of fact, and competent when considered by itself. But standing as it does, with the question put in the manner in which it was, it was inadmissible.

Upon the same principles the answers of Elliott, Cate, and the two Richardsons, were incompetent and should have been ruled out. They are open to the same objection as the statements of the plaintiffs' witnesses which were excluded. The answer of Kenney, we think, may do, with the exception of the last two words, " or unsound." With that exception it appears to be matter of common experience only. The answer of Willis might also be admissible, were it not so compounded with incompetent words as not to be capable of division. As it stands it is incompetent, and the latter part of Elliott's answer is in the same position. It is so compounded with admissible and inadmissible expressions as to make the whole incompetent.

We are aware that these distinctions are somewhat nice, but they are believed to exist. The safer practice, no doubt, is to avoid, so far as may be, in the trial of causes, the introduction of evidence of this description.

That part of the defendant's evidence which we have indicated, appears to be equally exceptionable with that of the plaintiffs', and as it was admitted, the verdict must be set aside and a

*New trial granted.*